The opinion of the court was delivered by
Watkins, J.
This appeal is a supplement of a previous one, in the same succession (41 An. 209) and brings up for review the administratrix restated account, and opposition of Moll, a special mortgage creditor.
The account presented allows in favor of the minors of Duhé’s first marriage, in capital and interest, the sum of $3604.88, and to its payment applies the proceeds of the adjudication of the community real estate to the deceased, as surviving partner of the first community, by preference; and, by this means, there is a balance of $195.48 remaining due and unpaid said minors, and nothing applicable to the payment of opponent’s mortgage, which is first in rank as to property of the second community. Without attending to details, we may state, that this item of credit is the chief ground of opponent’s Complaint.
If his opposition should not prevail, and the administratrix’ account be homologated, he would lose his entire debt, as the succession is insolvent.
It is sufficient to say that the allowance vel non of the minor’s claim, as now presented, is precisely the same question that was discussed and determined by us when the original account was examined. 40 An. 209.
The grounds of opposition are: (1) that the account has not been recast and restated conformably to the opinion and decree of this court; and (2) that our previous decree finally determined all the *254 litigated issues in said succession, and issues thus terminated can not be litigated anew on a restatement of an account in pursuance of said decree. The latter is in purport a plea of res judicata.
In pursuance of the same theory evidently the opponents’ counsel has filed what he denominates “ an exception and motion to dismiss appeal,” but which, in effect,is an answer to the appeal of the executrix and a reiteration of the former plea, though clothed with slightly different phraseology.
On the trial of the account, counsel for the executrix offered proof of the minor’s claim as to the amount the item mentioned ante exceeded that allowed in our previous, judgment and decre.e.. To this offer of proof opponent’s counsel objected on the grounds stated in his opposition, and his objections being sustained and the proffered testimony rejected, eounse 1 for the administratrix reserved a bill of exceptions. The ruling of the court resulted necessarily in the rejection of the tendered account and a judgment sustaining the creditor’s opposition. Was the judge a quo right in thus ruling and deciding?
Reference to our former opinion will show that, when the property of the first community was adjudicated to Duhé, the item of merchandise valued at $2000 was not included in the proces verbal of adjudication, but it does appear on his account of tutorship subsequently filed and homologated by a chambers and ex parte decree.
When his surviving wife, as administratrix, filed her 'final account, the one last exposed, she placed the minor’s claim of $2818, with interest, as stated in the aforesaid tutor’s account, with rank of legal mortgage and to be paid in full from the proceeds of said adjudication in preference to opponent’s special mortgage. The present opponent opposed that account and specially averred that there was no such stock of merchandise on hand in 18VO at the death of the decedent’s first wife, and mother of the minors; and in the alternative alleged that “if there was, there 'is in the record no sufficient proof of its existence.” In our opinion, at page 215, we say:
“ On the trial of the account and opposition there was no other proof offered of the existence and the value of the stock of goods and merchandise, placed at $2000, than the inventory of the first community,” and “ to the introduction of same opponent urged several objections,” enumerating them. On considering the question we said: 1 ‘ The judgment and inventory do not constitute such *255 proof of this item as is necessary to establish it as against a special mortgage creditor of the tutor, individually. In the adjudication to the surviving husband of their mother’s half interest in the common property there is no mention made of it; and opponent was not cited and made a party to the final account, which is relied upon as establishing it. Opponent put the administratrix fully upon, her .guard by specially denying and challenging the validity of that item... . *. * * This item was properly rejected by the judge a quo, and the debt of the minors reduced to $1818; but it correctly held that it was secured by the ranking mortgage. This reduction'will enable the opponent to realize the amount of his debt, with interest and 10 per cent, attorney’s fees, and there will be a surplus remaining.”
On this hypothesis various amendments were suggested and enumerated, and amongst them is the following:
<£ 8. The amount due the minors must be reduced from $2818 to $1818, etc.”
We have no doubt of the correctness of the conclusion of the District Judge. Our former decree forms res judicata as to the claims of the minors, and the proffered evidence was properly refused.
Judgment affirmed.
Fenner, J., absent.